# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MARQUIS DUSHAN BRUMFIELD,<br><br>Plaintiff,<br>vs.<br><br>SGT. DEPUTY BAUWNS and BLACK HAWK COUNTY JAIL,<br><br>Defendants. | No. 20-CV-2049-CJW-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |
| MARQUIS DUSHAN BRUMFIELD,<br><br>Plaintiff,<br>vs.<br><br>SHARRA ROSHELL BRUMFIELD and DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendants. | No. 20-CV-2050-CJW-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |
| MARQUIS DUSHAN BRUMFIELD,<br><br>Plaintiff,<br>vs.<br><br>BLACK HAWK COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendant. | No. 20-CV-2054-CJW-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

| | |
|---|---|
| MARQUIS DUSHAN BRUMFIELD,<br><br>        Plaintiff,<br>vs.<br><br>NATHAN NEFF, DEPUTY BARRONE, DEPUTY SCHILLING, LT. MCDONALD, and BLACK HAWK COUNTY JAIL,<br><br>        Defendants. | No. 20-CV-2094-CJW-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on four cases filed by plaintiff Marquis Brumfield ("plaintiff"). The Court dismissed the first two cases, 20-CV-2049-CJW-MAR and 20-CV-2050-CJW-MAR, because plaintiff failed to pay the filing fee or file motions to proceed in forma pauperis that complied with Title 28, United States Code, Section 1915, but plaintiff has now filed motions to reconsider. The subsequent two cases, 20-CV-2054-CJW-MAR and 20-CV-2094-CJW-MAR, are awaiting initial review.

### I.    *20-CV-2049 CJW-MAR*

#### *A.    Background*

On July 6, 2020, plaintiff filed a handwritten pro se complaint under Title 42, United States Code, Section 1983 alleging violations of his constitutional rights. Specifically, he alleged he has been held in a segregated unit in the Black Hawk County Jail for no reason and that he has been retaliated against for complaining about his housing situation. (*See* 20-CV-2049-CJW-MAR, Doc. 1-1).

Plaintiff did not pay the filing fee.[1]  28 U.S.C. § 1914(a) (requiring filing fee). Instead, plaintiff filed a motion to proceed in forma pauperis.  (20-CV-2049-CJW-MAR, Doc. 1).  In order for the Court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses.  28 U.S.C. § 1915(a)(1).  In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined.  28 U.S.C. § 1915(a)(2).

Plaintiff failed to comply with that requirement.  He included an affidavit and a two-month summary of his jail account.  The jail account summary, however, was not signed.  Accordingly, on July 14, 2020, the Court gave plaintiff thirty days to either pay the $400[2] filing fee or file a motion to proceed in forma pauperis which included a certification of his inmate account that complied with the rules.

On August 7, 2020, plaintiff sent the Court three documents.  The first (20-CV-2049-CJW-MAR, Doc. 3) is a signed certificate of his Black Hawk County Jail inmate account.  The second (20-CV-2049-CJW-MAR, Doc. 4) is a motion to amend his complaint.  The third (20-CV-2049-CJW-MAR, Doc. 5) is a motion to appoint counsel. On December 4, 2020, the Court entered an order dismissing the case, finding that plaintiff failed to comply with the Court's prior order and had not filed a proper motion to proceed in forma pauperis.  On December 8, 2020, plaintiff sent the Court a filing (20-CV-2049-CJW-MAR, Doc. 8) which the Clerk of Court filed as a motion to

---

[1] The Section 1983 fee includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $50.00 administrative fee required when filing all civil actions.  *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52 . . . .").

[2] At that time the filing fee was $400.  It was subsequently increased to $402.

3

reconsider. In that motion, he states he had issues complying with the Court's prior order and asks that his case remain open.

### B. *Motion to Reconsider*

Considering the totality of the circumstances, plaintiff's initial motion to proceed in forma pauperis (20-CV-2049-CJW-MAR, Doc. 1) and his supplement/certificate of inmate account 20-CV-2049-CJW-MAR, Doc. 3) amount to a motion that complies with Title 28, United States Code, Section 1915. Moreover, although the certificate of inmate account did not arrive until more than thirty days after the Court gave him thirty days to comply, it was placed in the mail prior to the thirty days expiring. Accordingly, his motion to reconsider (20-CV-2049-CJW-MAR, Doc. 8) is granted and the Court's prior order and judgment (20-CV-2049-CJW-MAR, Docs. 6, 7) are vacated.

### C. *Motion to Proceed In Forma Pauperis*

As noted above, plaintiff did not submit the statutory filing fee. Plaintiff is currently incarcerated at the Black Hawk County Jail. His collected documents, referenced above, substantially comply with the requirements set out above. Because it is clear that he does not have the assets necessary to pay the filing fee, his motion to proceed in forma pauperis is granted. Nevertheless, even though a court deems it appropriate to grant a prisoner-plaintiff in forma pauperis status, that plaintiff is still required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must pay an initial partial filing fee in the amount of twenty percent of the greater of his average monthly account balance or average monthly deposits for the

six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that plaintiff submitted, the Court finds that initial partial filing fee is $45.40. Plaintiff shall submit $45.40 by no later than thirty days from the date of this order. If the Court does not receive payment by this deadline, the instant action shall be dismissed under FED. R. CIV. P. 41(b) (permitting dismissal when a plaintiff either fails to prosecute or fails to respond to an order of the court). *See also Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259–60 (8th Cir. 1997) (explaining court's power to dismiss an action). If necessary, plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, a prisoner-plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically:

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. The Clerk of Court is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where plaintiff is an inmate.

### D. Initial Review

#### 1. Initial Review Standard

Courts must liberally construe pro se complaints. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St.*

*Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Nevertheless, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1) (requiring the Court to do an initial review of prisoner complaints).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim under Section 1915(e)(2), courts generally rely on the standards articulated under Federal Rule of Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Section 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *Id.* at 555., or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### 2. *Initial Review Analysis*

In his complaint (20-CV-2049-CJW-MAR, Doc. 1-1), plaintiff makes two general allegations. First, plaintiff alleges that defendants failed to place him in "general population" at the jail. Second, plaintiff says that while talking to his fiancé on the phone, she had a medical issue, and defendants would not help him follow up with that situation.

6

Plaintiff also filed a document, titled in part a "request to submit additional complaints" (20-CV-2049-CJW-MAR, Doc. 4) which the Clerk of Court docketed as a motion to amend. In that document, which the Court will consider as a supplement to his complaint,[3] plaintiff alleges that his mail has been searched and that his legal mail was destroyed. He also states that he has not been given receipts related to his prison account.

> Title 42, United States Code, Section 1983 provides, in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 685 (1978). Nevertheless, Section 1983 itself provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C. Section] 1983'—for [Section] 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, Section 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (stating that Section 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means Section 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution). To state a claim under Section 1983, a plaintiff

---

[3] Because plaintiff's complaint has not been technically filed, he does not need leave to amend it.

7

must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Setting aside other issues with his filings, plaintiff's claims fail because he has failed to allege any suable defendants personally violated his rights. Plaintiff has sued the Black Hawk County Jail and Sgt./Deputy Bauwns. The jail is not a person within the meaning of Section 1983. In *Will v. Michigan Dept. of State Police*, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989).[4] *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *and De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they were not suable entities). Accordingly, plaintiff's claims against the Black Hawk County Jail are denied.

Similarly, although plaintiff has named one officer at the jail as a defendant, in neither filing does plaintiff allege that defendant Bauwns engaged in any of the specific allegedly wrongful conduct. This is true even though the Court sent him a standard Section 1983 form for his use in filing an amended complaint. Accordingly, because plaintiff's filings fail to allege any person named as a defendant violated his rights, he has failed to state a claim for which relief can be granted and his claims are denied.

---

[4] Municipalities may be found liable in a § 1983 case under limited circumstances, under the rational articulated in *Monell v. Department of Social Servs. of New York*, 436 U.S. 658 (1978). *See Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007).

8

## II.     20-CV-2050-CJW-MAR

### A.     Background

On July 6, 2020, plaintiff filed a handwritten pro se complaint (20-CV-2050-CJW-MAR, Doc. 1-1) alleging his wife committed violations of his constitutional rights which caused him to be unable to receive social security benefits.

Again, plaintiff did not pay the filing fee but did file a motion to proceed in forma pauperis. (20-CV-2050-CJW-MAR, Doc. 1). As with 20-CV-2049-CJW-MAR, plaintiff failed to comply with the Section 1915 requirements articulated above because, although he filed a two-month summary of his jail account, it was not signed. Accordingly, on July 14, 2020, the Court gave plaintiff thirty days to either pay the $400 filing fee or file a motion to proceed in forma pauperis that complied with the rules. (20-CV-2050-CJW-MAR, Doc. 2). In that same order, the Court noted that plaintiff had also failed to state a basis for the Court's jurisdiction and gave him thirty days to file an amended complaint. *Id.*

As noted above, on August 7, 2020, plaintiff sent the Court is a signed certificate of his Black Hawk County inmate account.[5] (20-CV-2050-CJW-MAR, Doc. 9). Because that document was not initially filed in this case, and because plaintiff failed to file an amended complaint, the Clerk of Court sent plaintiff a notice of dismissal. (20-CV-2050-CJW-MAR, Doc. 3). Plaintiff then filed an amended complaint (20-CV-2050-CJW-MAR, Doc. 4) which added the Department of Veterans Affairs as a defendant. On December 4, 2020, the Court entered an order dismissing the case, finding that plaintiff failed to comply with the Court's prior order because he failed to file a proper motion to proceed in forma pauperis and, additionally, because his claim was frivolous. (20-CV-

---

[5] That filing was not initially docketed in either 20-CV-2050-CJW-MAR or 20-CV-2054-CJW-MAR as plaintiff only sent one copy to the Court. Accordingly, the Clerk of Court docketed it in his first (oldest) case. In the interest of justice, however, the Court subsequently directed the Clerk of Court to file copies of it in each of plaintiff's cases that were pending at the time the filing was received.

9

2050-CJW-MAR, Doc. 6). On December 8, 2020, plaintiff sent the Court a filing (20-CV-2050-CJW-MAR, Doc. 8) which the Clerk of Court filed as a motion to reconsider. In that motion, he states he had issues complying with the Court's prior order and asks that his case remain open.

### B. Motion to Reconsider

For the same reasons explained above, considering the totality of the circumstances, plaintiff's motion to reconsider (20-CV-2050-CJW-MAR, Doc. 8) is granted and the Court's prior order and judgment (20-CV-2050-CJW-MAR, Docs. 6, 7) are vacated.

### C. Motion to Proceed In Forma Pauperis

For the same reasons stated above, plaintiff's motion to proceed in forma pauperis (20-CV-2050-CJW-MAR, Doc. 1) is granted. Accordingly, plaintiff is required to pay an initial partial filing fee of $45.40. Additionally, plaintiff is bound by the same requirements set out above to pay the entire filing fee over time under 28 U.S.C. § 1915(b)(2).

### D. Initial Review Analysis[6]

As the Court noted in its prior order:

> On September 9, 2020, plaintiff filed an amended complaint. (Doc. 4). In the amended complaint, plaintiff added the Department of Veterans Affairs case manager as a defendant. He claimed a violation of Title 18, United States Code, Section 1341, a criminal fraud statute, "and right to my person (private info)." (*Id.*, at 3). In essence, plaintiff repeats the same complaint that his ex-wife will not remove him from her benefits. (*Id.*, at 4). Plaintiff also claims he complained to a case worker at the Veterans Administration who stated an intent to "look into the allegations." (*Id.*). Plaintiff alleges no other facts as to the case worker. . . . Further, plaintiff's amended complaint fails to state a claim. Plaintiff does not allege his ex-wife is a government official or was acting under color of state law. Nothing in his complaint shows that any employee of the Department of Veterans Affairs

---

[6] The Court relies on the standards set out above.

10

engaged in any act that would constitute a violation of the United States Constitution.

(20-CV-2050-CJW-MAR, Doc. 6 at 3-4). There are additional issues with plaintiff's amended complaint, including the fact that plaintiff specifically stated that he brought his case under Section 1983, while, in actuality, a case against federal employees would need to be brought under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Accordingly, it is again denied as frivolous, and, alternately, for failing to state a claim for which relief can be granted.

### III. 20-CV-2054-CJW-MAR

Plaintiff's third case is before the Court on a pro se complaint (20-CV-2054-CJW-MAR, Doc. 1-1) filed on July 17, 2020. Plaintiff also filed a motion to proceed in forma pauperis (20-CV-2054-CJW-MAR, Doc. 1) and motion to appoint counsel (20-CV-2054-CJW-MAR, Doc. 7).[7] Plaintiff's complaint contains a long narrative about his incarceration in Black Hawk County.

#### A. *Motion to Proceed In Forma Pauperis*

For the same reasons stated above, plaintiff's motion to proceed in forma pauperis (20-CV-2054-CJW-MAR, Doc. 1) is granted.[8] Accordingly, plaintiff is required to pay an initial partial filing fee of $45.40. Additionally, plaintiff is bound by the same requirements set out above to pay the entire filing fee over time under 28 U.S.C. § 1915(b)(2).

---

[7] Plaintiff also sent several letters to the Court, mostly about bankruptcy issues, which were forwarded to the Bankruptcy Clerk of Court and filed as correspondence in this case for record keeping purposes. (20-CV-2054-CJW-MAR, Docs. 2, 5).

[8] Because it was originally received by the Clerk of Court shortly after this case was filed, a copy of the same certificate of inmate account referenced above was docketed in this case. (20-CV-2054-CJW-MAR, Doc. 6).

11

### B. Initial Review Analysis[9]

There are numerous issues with plaintiff's complaint. First, plaintiff only listed the Black Hawk County Sheriff's Department as a defendant. As the Court explained above, Section 1983 cases must be brought against a "person" and a municipal department is not a "person." Accordingly, plaintiff's complaint fails on that issue alone.

Plaintiff does list individuals within his narrative. He also lists various constitutional rights he believes that have been violated during his incarceration. Even liberally construed, however, the complaint does not connect the individuals named with the alleged constitutional violations such that the Court could find plaintiff constructively pled a Section 1983 claim that could survive summary dismissal. Accordingly, the complaint also fails to state a claim under FED. R. CIV. P. 8(a)(2).

The lone exception is plaintiff's allegation that a particular, but unnamed, deputy interfered with his access to his "legal" papers and took legal materials and would not return them. That claim still fails, however, because plaintiff does not allege any harm. "The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). "For prisoners, meaningful access to the courts 'requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Id.* (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996)). The constitutional right to access the courts is limited to an inmate's ability to access the courts to "attack their sentences, directly or collaterally, and to challenge the conditions of their confinement." *Lewis*, 518 at 355. The right to access the courts is focused on a detainee's ability to present a claim to the court. *Id.* at 354. A plaintiff must show that the lack of access to the relevant legal materials caused him an actual injury to have

---

[9] The Court relies on the standards set out above.

standing to bring a claim for denial of access to the courts. *Id.* at 349. Actual injuries resulting from the denial of access to the courts include, *e.g.*, a court dismissing a prisoner's claim due to the lack of access to legal materials, or the inmate being unable to file a claim for an actionable harm due to the lack of access to legal materials. *Id.* at 351; *see also Root v. Towers*, 238 F.3d 423 (6th Cir. 2000) (unpublished) ("[n]o actual injury occurs without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented."); *Nitz v. Hall*, No. 11-1143, 2011 WL 13193297, at *3 (C.D. Ill. June 16, 2011), *aff'd*, 473 F. App'x 513 (7th Cir. 2012) (citations omitted) ("when a plaintiff alleges a denial of the right to access the courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources."). Conclusory statements that a prisoner was unable to properly prepare a legal document, standing alone, are insufficient to support a claim for denial of access to the courts. *See Pearson v. Saar*, No. PJM-03-869, 2004 WL 1391160, at *4 (D. Md. Jan. 21, 2004), aff'd, 96 F. App'x 156 (4th Cir. 2004). Accordingly, even assuming plaintiff pled a constructive access to the courts claim against an unknown deputy, plaintiff's claim must be denied because he does not allege that the interference with his legal papers affected any of his legal proceedings.

### IV. *20-CV-2094-CJW-MAR*

Plaintiff's fourth case is before the Court on a pro se complaint (20-CV-2094-CJW-MAR, Doc. 1-1) filed on November 9, 2020. Plaintiff also filed a motion to proceed in forma pauperis (20-CV-2094-CJW-MAR, Doc. 1). Plaintiff's complaint again contains a long narrative about his incarceration in Black Hawk County but ends it by specifically alleging that particular defendants violated his rights by refusing to provide him meals that comport with his religious beliefs.

Although plaintiff filed a motion to proceed in forma pauperis, he again failed to include a copy of his prisoner account. But, because this case was filed months after the prison account statement the Court relied on in the three prior cases, which were all filed within the same time period as when that statement was signed, the Court does not find it appropriate to rely on it in this case.

Nevertheless, there is a bigger issue because, in light of the findings made above, plaintiff has three strikes under Title 28, United States Code, Section 1915(g).[10] Accordingly, his motion to proceed in forma pauperis (20-CV-2094-CJW-MAR, Doc. 1) is denied.[11] Plaintiff will be given 30 days from the date of this order to pay the $402 filing fee or his case will be dismissed with no further order of the Court.

### V. CONCLUSION

For the reasons set forth herein:

**Case 20-CV-2049-CJW-MAR**

1. The Court **grants** plaintiff's motion to reconsider. (Doc. 8). The order and judgment (Docs. 6, 7) are hereby **vacated**.
2. Plaintiff's motion to proceed in forma pauperis (Doc. 1) is **granted**.
3. The Clerk of Court is **directed** to file the complaint (Doc. 1-1) and the amended complaint (Doc. 4) without the prepayment of the filing fee.

---

[10] That section states:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[11] Besides the three cases cited above, which, as discussed above, are being denied because they were frivolous or failed to state a claim upon which relief can be granted, plaintiff has at least one additional potentially qualifying strike. (*See* 16-CV-3109-LTS, Doc. 7).

14

4. Plaintiff is **ordered** to submit an initial partial filing fee of $45.40 by no later than thirty days from the date of this order. Additionally, after he pays the initial partial filing fee, the institution having custody of him is **directed** to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, plaintiff must pay and the institution having custody of him must forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

5. The Clerk of Court is **directed** to send a copy of this order and the notice of collection of the filing fee to the appropriate official at the place where plaintiff is an inmate.[12]

6. After conducting an initial review, plaintiff's claims are **denied** for the reasons set out above and this case is **dismissed**.

7. Plaintiff's motion to appoint counsel (Doc. 5) is **denied** as moot.

8. The dismissal of this case will count against plaintiff for the purposes of 28 U.S.C. § 1915(g).

**20-CV-2050-CJW-MAR**

1. Plaintiff's motion to reconsider (Doc. 8) is **granted**. The order and judgment (Docs. 6, 7) are hereby **vacated**.

2. Plaintiff's motion to proceed in forma pauperis (Doc. 1) is **granted**.

3. The Clerk of Court is **directed** to file the complaint (Doc. 1-1) and the amended complaint (Doc. 4) without the prepayment of the filing fee.

4. Plaintiff is **ordered** to submit an initial partial filing fee of $45.40 by no later than thirty days from the date of this order. Additionally, after he pays the initial partial filing fee, the institution having custody of him is

---

[12] The Clerk of Court need only send one copy of this order and notice, as it covers all four cases.

**directed** to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, plaintiff must pay and the institution having custody of him must forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

5. After conducting an initial review, plaintiff's claims are **denied** for the reasons set out above and this case is **dismissed**.

6. The dismissal of this case will count against plaintiff for the purposes of 28 U.S.C. § 1915(g).

**20-CV-2054-CJW-MAR**

1. Plaintiff's motion to proceed in forma pauperis (Doc. 1) is **granted**.

2. The Clerk of Court is **directed** to file the complaint (Doc. 1-1) without the prepayment of the filing fee.

3. Plaintiff is **ordered** to submit an initial partial filing fee of $45.40 by no later than thirty days from the date of this order. Additionally, after he pays the initial partial filing fee, the institution having custody of him is **directed** to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, plaintiff must pay and the institution having custody of him must forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

4. After conducting an initial review, plaintiff's claims are **denied** for the reasons set out above and this case is dismissed.

5. Plaintiff's motion to appoint counsel (Doc. 7) is **denied as moot**.

6. The dismissal of this case will count against the plaintiff for the purposes of 28 U.S.C. § 1915(g).

7.

16

**20-CV-2094-CJW-MAR**

1. Plaintiff's motion to proceed in forma pauperis (Doc. 1) is **denied** under 28 U.S.C. § 1915(g).
2. Plaintiff is given thirty days to pay the $402 filing fee. If plaintiff fails to pay the filing fee, this case will be dismissed with no further order of the Court.

**IT IS SO ORDERED** this 8th day of January, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

17

Case 6:20-cv-02050-CJW-MAR   Document 10   Filed 01/08/21   Page 17 of 18

**TO: WARDEN/ADMINISTRATOR; Black Hawk County Jail, Waterloo, Iowa**

**<u>NOTICE OF COLLECTION OF FILING FEE</u>**

You are notified that Marquis Brumfield, No. 0403256, an inmate at your facility, filed the following lawsuits in the United States District Court for the Northern District of Iowa, *Brumfield v. Bauwns, et al.*, Case No. 20-CV-2049-CJW-MAR; *Brumfield v. Brumfield. et al.*, Case No. 20-CV-2050-CJW-MAR; and *Brumfield v. Black County Sheriff's Department*, Case No. 20-CV-2054-CJW-MAR. In each case, the Court granted the inmate in forma pauperis status under 28 U.S.C. § 1915(b), which requires partial payment of a $350.00 filing fee. Based on the inmate's statements, his initial partial filing fee in each case is $45.40 in each case. The inmate is now required to pay those fees to the Clerk of Court. *See* 28 U.S.C. § 1915(b)(1). Additionally,

> [a]fter payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Thus, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the three initial partial filing fees of $45.40 (a total of $136.20) is paid, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account, until all three $350 filing fees are paid. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed. If the inmate listed above has been relocated to a different institution, please forward this Order and Notice to the institution having custody of him. Any institution having custody of the inmate is responsible to collect and remit the filing fees as set forth above.

By: /s/ des, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa